DELIVERED JULY TERM, 1841.

ROBERT WHITE v. GEORGE DUMMER et al.

Under the statute of New-Jersey regulating the practice in chancery, the defendant, under the usual order to answer after demurrer overruled, cannot file a *plea*.

ON a bill for foreclosure, a decree *pro confesso* had been taken against all the defendants except the purchaser of the equity of redemption, who appeared and demurred to the bill. The demurrer was overruled at April term, and the usual order made, requiring the defendant to answer in forty days. A *plea* was filed within the time limited in the rule, but no answer.

*Vroom*, for complainant, moved to set aside the plea as improperly pleaded. He insisted that under the order to answer, the defendant was not at liberty to file a plea. The practice was regulated by the statute, (*Elmer's Dig.* 57, *sec.* 20.) Its terms were imperative, requiring the defendant to answer, after either a demurrer or plea had been overruled. He further insisted, that the complainant was entitled to a decree *pro confesso*, for want of an answer. That if further time were allowed to answer, the whole object of the defendant in pleading irregularly would be attained. That the plea was manifestly frivolous, and filed merely for delay.

*Hamilton*, contra. By a sound construction of the statute, the defendant is entitled to plead under an order to answer, after demurrer overruled. Such is the practice in the court of chancery in England. The construction of the New-Jersey statute has always been in conformity to the English practice. But if the court adopt a different construction, and hold the plea to be irregularly put in, the defendant, under the circumstances, should be allowed time to answer. A decree pro confesso would be a surprise upon the party, who has pleaded in conformity to the previous practice of the court, and deprive him of all opportunity of making defence.

BY THE CHANCELLOR. I entertain no doubt of the true construction of the statute. After demurrer overruled, the defendant cannot under a general order to *answer*, file a *plea*. If it be essential to the defendant's rights that a plea should be interposed after a demurrer has been overruled, the defendant should obtain a special order for that purpose. But as the practice appears not to have been well settled, and as the defendant's solicitor may have acted under an erroneous impression respecting it, I shall allow the defendant the usual time to answer. Let the plea be stricken out, and the defendant answer in forty days.

Order accordingly.